UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:26-cv-02479-FWS-DTB                                         Date: March 13, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

**I.   Introduction and Background**

Petitioner Gursharan Singh Pannu brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the United States Department of Homeland Security; Todd Lyons, Acting Director of ICE; Thomas Giles, ICE Los Angeles Field Office Director; James Pilkington, Assistant ICE Los Angeles Field Office Director; and Geo Group Inc., sued as warden of the Adelanto ICE Processing Center.  (Dkt. 1 ("Petition" or "Pet.").)  Petitioner "is a citizen and national of India who entered the United States without inspection on November 23, 2022." (Pet. ¶ 17.)  "On December 9, 2022, an asylum officer determined that Mr. Pannu established a credible fear of persecution."  (*Id.* ¶ 18.)  In December 2022, "Mr. Pannu was placed in removal proceedings through the issuance of DHS Form I-862, Notice to Appear." (*Id.* ¶ 19.)  That same month, Petitioner was released "under the Alternatives to Detention (ATD) program."  (Opp. at 2.)

"On September 9, 2025, Petitioner pleaded no contest to a single misdemeanor count of California Penal Code section 415(2), disturbing the peace 'by loud and unreasonable noise,' and was sentenced to perform 30 hours of community service." (Pet. ¶ 21.)  "Immediately after the matter was resolved in court, Petitioner left the courthouse, entered his vehicle, and drove away. Shortly after exiting the courthouse parking lot and crossing a nearby traffic signal, his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:26-cv-02479-FWS-DTB                                      Date: March 13, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

vehicle was surrounded by ICE agents, who then took him into custody." (*Id.* ¶ 22.) "He is currently detained at the Adelanto Detention Center in Adelanto, California." (*Id.* ¶ 23.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals, like petitioner[], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

Before the court is Petitioner's *Ex Parte* Application for Temporary Restraining Order and/or Preliminary Injunction. (Dkt. 2 ("Application" or "App.").) In the Application, Petitioner "seeks a narrowly tailored Temporary Restraining Order to preserve Petitioner's constitutional rights by prohibiting continued detention absent due process and requiring Respondents to release Petitioner, or at minimum to provide a prompt custody hearing consistent with the Fifth Amendment." (Mot. at 4.) Respondents filed a Response to the Application. (Dkt. 7 ("Resp.").) Petitioner filed a reply in support of the Application. (Dkt. 9.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the relevant law, the Motion is **GRANTED.**

II.   **Legal Standard and Analysis**

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-02479-FWS-DTB	Date: March 13, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

regular noticed procedures and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

In this case, the court finds Petitioner has adequately demonstrated that *ex parte* relief is warranted, and has also met his burden to show that he is entitled to a TRO under the *Winter* factors. Although the parties dispute whether Respondents have adequately demonstrated

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-02479-FWS-DTB                                   Date: March 13, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

changed circumstances warranting detention, (*see* Resp. at 1-2; *see generally* Reply), the court finds Petitioner has at least raised "'serious questions going to the merits' and a hardship balance that tips sharply toward [Petitioner]," with "the other two elements of the *Winter* test [] also met." *All. for the Wild Rockies*, 632 F.3d at 1132. The court determines that it is appropriate to act consistent with the practice in this District in recent months, and will therefore order that Petitioner be afforded a timely bond hearing, and released if he does not receive such a hearing. (*See* Resp. at 2 ("In any event, to the extent the Court is inclined to order a Section 1226 bond hearing in these proceedings, it should be consistent with what courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days so that the Immigration Court could evaluate, at a minimum, danger to the community, given the Petitioner's recent criminal charges."); *see, e.g.*, *Mosqueda*, 2025 WL 2591530, at *7 ("Respondents are enjoined from continuing to detain petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.").

### III.   Disposition

For the foregoing reasons, the Application is **GRANTED**. The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **March 20, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **March 20, 2026, at 5:00 p.m.** In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect. (Dkt. 7.)

Respondents are further **ORDERED** to show cause in writing on or before **March 23, 2026, at 12:00 noon,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **March 26, 2026, at 12:00 noon**. The court sets a hearing on whether a preliminary injunction should issue on **April 2, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**