_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-02479-FWS-DTB                    Date: March 26, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  | |
|---|---|
| Priscilla Deason for | |
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioners:                    Attorneys Present for Respondents:

Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PRELIMINARY INJUNCTION; REFERRING FURTHER PROCEEDINGS TO ASSIGNED MAGISTRATE JUDGE**

Petitioner Gursharan Singh Pannu brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the United States Department of Homeland Security; Todd Lyons, Acting Director of ICE; Thomas Giles, ICE Los Angeles Field Office Director; James Pilkington, Assistant ICE Los Angeles Field Office Director; and Geo Group Inc., sued as warden of the Adelanto ICE Processing Center. (Dkt. 1 ("Petition" or "Pet.").) On March 13, 2026, the court granted Petitioner's Application for a Temporary Restraining Order, enjoining Respondents "from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before March 20, 2026, at 9:00 a.m." (Dkt. 10 ("TRO") at 4 (emphasis omitted).) The court also ordered Respondents to show cause ("OSC") in writing as to why the court should not issue a preliminary injunction. (*Id.*)

In their late-filed response to the OSC, Respondents state Petitioner received a bond hearing, and "[p]roviding the bond hearing in compliance with the Court's order moots this action." (Dkt. 12 ("OSC Response") at 1; Dkt. 12-1 (Order of the Immigration Judge).) In reply to the OSC Response, Petitioner maintains the court should still issue a preliminary injunction and also argues this case is not moot. (Dkt. 13 ("Reply").)

_____

**CIVIL MINUTES – GENERAL**                                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-02479-FWS-DTB                    Date: March 26, 2026
Title: Gursharan Singh Pannu v. U.S. Immigration and Customs Enforcement *et al.*

Based on the current record, as applied to the relevant law, the court finds the relief granted in the TRO was provided, and Petitioner fails to make an adequate showing that a preliminary injunction is warranted at this time. *See, e.g.*, *Jose Monteroso Agustin et al v. Fereti Semaia et al.*, Case No. 5:25-cv-02788-SRM-JDE, Dkt. 14 (denying as moot the petitioner's request for a preliminary injunction after they received a bond hearing pursuant to a TRO even when the petitioner argued "the Immigration Judge used an incorrect burden of proof to determine whether he should be released on bond that did not afford him Due Process," and issuing OSC why the case in its entirety should not be dismissed as moot); *Javier Gonzales et al. v. Kristi Noem et al.*, Case No. 5:25-cv-02054-ODW-BFM, Dkt. 16 (similar); *Moises Salomon Zaragoza Mosqueda v. Kristi Noem et al.*, Case No. 5:25-cv-002304-CAS-BFM, Dkt. 15 (similar). Accordingly, the court **DENIES** Petitioners' request for a preliminary injunction.[1] However, the court at this stage also finds Respondents have not made an adequate showing that this case is moot. (*See* OSC Resp.; Reply.)

The court observes that this case has been referred to Magistrate Judge David T. Bristow. (Dkt. 4.) Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Bristow for decision.

Finally, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains is **VACATED**. (Dkt. 5.)

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for **April 2, 2026**, is **VACATED** and **OFF CALENDAR**.